IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

FILED
OCT 20 2025
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

| | |
|---|---|
| PETER MACHLUP ) | CASE # |
| Plaintiff, ) | 2:25-CV-00619 |
| vs. ) | BIVENS ACTION |
| LUCAS JOHNSON, Nat. Park Off. #192 ) | |
| Defendant, ) | |

## COMPLAINT

### PRELIMINARY STATEMENT

On October 20, 2024, Defendants, federal National Park Officers acting in performance of their official duties, searched Plaintiff's Kia Niro automobile pursuant to an administrative inventory search and subsequently unreasonably seized Plaintiff's property, commercial supplements including minute amounts of delta-9 from hemp, thus violating Plaintiff's 4th Amendment right to be free from unreasonable seizure, and causing Plaintiff significant damage. Said property is commercially labeled and sealed clearly identifying it as complying with federal regulations. Defendant admitted at the scene to knowing and understanding that concentration levels of .3 of 1% or less of delta-9 from hemp are not contraband nor illegal under federal law. In response to Plaintiff's asking why they were seizing the property, Defendant Johnson stated, "It could be anything." Ten months later, he testified under oath to the same question responding "my colleague [via radio] said it might be illegal under some West Virginia law." Neither response nor the facts satisfy to make this seizure reasonable. Said

seized property is listed as "potential evidence" yet is not relevant to the two petty offenses alleged and later dismissed.

Plaintiff requested the return of his property multiple times. Plaintiff was compelled to provide chain of custody and certificate of analysis documents for said property to facilitate its return. The property still not returned is/was the brand new, not yet launched, *Recovery delta-9.* This complaint follows.

## JURISDICTION

1. This is a civil action brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 2201.

## PARTIES

2. Plaintiff:   Peter Machlup, *pro se*

    424 Woodard Ave

    Kent, Ohio  44240

    machlupp@gmail.com

    216-310-7359, fax 216-245-5618

3. Defendant:

    Lucas Johnson, National Park Officer #192

    National Park Service NERI

    Region: NER State:WV Station: GARI

    681-422-1716

## FACTS

4. On October 20, 2024, National Park Officer #192 Lucas Johnson was acting pursuant to his official duties as a federal law enforcement officer while searching and seizing Plaintiff's property.

5. Officer Lucas Johnson (Johnson, Defendant) seized approximately 408 packets of *Baked Water* and 76 packages of Recovery Delta-9 (Property). (see incident report.)

6. NPS Officer Lucas Johnson seized Plaintiff's Property without probable cause that Property was related to any crime.

7. At no time did Assistant U.S. attorney Bazzle nor any park officers ever allege, state, or imply that Property was relevant to any crime.

8. Assistant U.S. attorney Parker Bazzle suggested that providing the Park officers with chain of custody (COC) and certificate of analysis (COA) documents would speed the return of Plaintiff's Property.

9. Plaintiff cooperated with the park officers to secure the return of his property without success by supplying chain of custody (COC) and Certificate of Authenticity (COA) documents.  Defendant was non responsive for months.

10. On October 24, 2024, Plaintiff emailed the COC for the hemp-derived D9 in Property to Dep. Supervisor Stan Wilson and AUSA Bazzle.

11. On October 25, 2024 Plaintiff emailed the COA for the Blue Baked Water products to Dep. Supervisor Stan Wilson.

12. The NPS has not responded with any subsequent testing or analysis results of the Property for a year now.

13. On December 19, 2024, not having success with phone conversations, Plaintiff emailed a demand for the return of his Property to NPS Deputy Supervisor Stan Wilson and AUSA Parker Bazzle. The demand noted that the Property was seized without probable cause.

14. The two *Baked Water* Products were returned to Plaintiff in May, 2024. The *Recovery Delta-9* packages are still in NPS possession.

15. Because the product *Recovery Delta-9,* 10 serving packages, was created or finalized less than a week before being seized, and the seizure comprised the entirety of the inventory created, our "product launch" was absolutely halted. All discussions with distributors or partners were shutdown. Our ability to provide even a sample package was halted. Our reputation was significantly impaired. Damages include the expected income from sales, let alone future orders and reputation, in a very fast moving industry.

16. All of our planning, money to buy constituents, market analysis, electrolytes, branch chain amino acids, vitamin and other supplements, graphic design, labels and sacks, and a tiny amount of delta-9 from hemp, sits in a corner in the Nat. Park building, taken and held for a year for no reason. This damaged Plaintiff.

### FIRST CAUSE OF ACTION - 4th AMENDMENT VIOLATION

17. Plaintiff has a 4th Amendment Constitutional right to be free from unreasonable seizure.

18. Defendant, National Park Officer #192, was a federal law enforcement officer and was acting pursuant to his official duties when seizing Plaintiff's Property.

19. Defendant seizure of Property was without probable cause and violated Plaintiff's 4th Amendment right to be free from unreasonable seizure.

20. Defendant's seizure of Property caused Plaintiff significant financial damage.

## PRAYER FOR RELIEF

21. WHEREFORE, plaintiff requests that this Court grant the following relief:

22. Lost income and sales of approximately eighty thousand dollars ($80,000).

23. Punitive damages not greater than $800,000 for knowingly seizing property without probable cause, and for continuing to hold and failing to return said property upon demand. (Even to the point of misrepresenting the status of said property to the Magistrate.)

24. The costs of this civil suit.

25. Any and all awards the Court deems appropriate.

## JURY DEMAND

Plaintiff requests a trial by jury.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 19, 2025                             Respectfully submitted,

*[signature: Peter Machlup]*

Peter Machlup, Plaintiff *pro se*
424 Woodard Ave.
Kent, Ohio  44240
machlupp@gmail.com
216-310-7359