IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PETER MACHLUP,

           Plaintiff,

v.                                              CIVIL ACTION NO.   2:25-cv-00619

LUCAS JOHNSON,

           Defendant.

**PROPOSED FINDINGS & RECOMMENDATION**

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge by standing order for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3). For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that this civil action be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure

I.    **BACKGROUND**

On October 20, 2025, Plaintiff, proceeding pro se, initiated the instant civil action claiming entitlement to relief pursuant to 42 U.S.C. § 1983 based upon an alleged violation of Plaintiff's Fourth-Amendment rights. (ECF No. 1). On October 21, 2025, the undersigned entered an *Order and Notice,* notifying Plaintiff "that he is responsible for effecting timely service of process in accordance with Rule 4 of the Federal Rules of Civil Procedure." (ECF No. 4). The *Order and Notice* further ordered Plaintiff "to effect service of process, and file proof thereof pursuant to Rule 4(l), on or before 4:00 p.m. EST on

January 20, 2026." *Id.* Lastly, the *Order and Notice* expressly notified Plaintiff that "failure to effect service of process on or before the deadline set forth herein **WILL** result in the undersigned's recommendation to the presiding District Judge that this civil action be dismissed pursuant to Rules 4(m) and/or 41(b) of the Federal Rules of Civil Procedure." *Id.* at 2.

Plaintiff failed to file proof of service pursuant to Rule 4(l) as ordered by the Court. Accordingly, on January 21, 2026, the Court issued its *Order to Show Cause* requiring Plaintiff to file a written response showing cause why the action should not be dismissed. *Id.* at 2. The *Order to Show Cause* expressly notified Plaintiff that failure to respond by 4:00 p.m. EST on Monday, February 9, 2026, "**WILL result in the undersigned's recommendation to the presiding District Judge that this matter be dismissed, with prejudice**." *Id.* To date, however, Plaintiff has not submitted any response or otherwise indicated any intent to proceed with the instant action.

## II.   DISCUSSION

The Court has the inherent authority to dismiss a case for failure to prosecute and Federal Rule of Civil Procedure 41(b) "provides an explicit basis for this sanction." *Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir. 1991). Since dismissal is a severe sanction, the Court must exercise this power with restraint, balancing the need to prevent delays with the sound public policy of deciding cases on their merits. *Dove v. CODESCO*, 569 F.2d 807, 810 (4th Cir. 1978). The Fourth Circuit requires a trial court to consider four factors before dismissing a case for failure to prosecute: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. Comm'r of Internal*

*Revenue*, 916 F.2d 171, 174 (4th Cir. 1990). This test, however, is not rigid and ultimately depends on the facts of each case. *Attkisson v. Holder*, 925 F.3d 606, 626 (4th Cir. 2019). *See also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). Further, dismissal is warranted when a party fails to follow a Court Order. In *Ballard*, the Fourth Circuit reasoned that the Magistrate Judge's "explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant . . . . In view of the warning, the district court had little alternative to dismissal [because] [a]ny other course would have placed the credibility of the court in doubt and invited abuse." *Ballard*, 882 F.2d at 95-96.

Considering the factors listed above, the Court concludes that any sanction short of dismissal would not be effective. Plaintiff demonstrated a lack of personal responsibility and has deliberately proceeded in a dilatory fashion by failing to effect timely service of process—despite being forewarned by the Court that such inaction could result in dismissal. The Court thereafter issued its Show Cause Order requiring Plaintiff to respond by February 9, 2026, and provided another express warning to Plaintiff that failure to respond would result in dismissal of the lawsuit. Plaintiff still failed to respond to the Court's Show Cause Order without any explanation or justification. Nor has Plaintiff communicated with the Court or otherwise indicated any intent to pursue this civil action. Furthermore, Plaintiff has ignored multiple express warnings that a recommendation of dismissal would result from continued inaction. Just as in *Ballard*, here there is "little alternative to dismissal" because "[a]ny other course would . . . place[] the credibility of the Court in doubt and invite[] abuse." *Id*. Accordingly, the undersigned **FINDS** that dismissal with prejudice is proper pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

### III. <u>RECOMMENDATION</u>

For the foregoing reasons, it is respectfully **RECOMMENDED** that this civil action be **DISMISSED**, with prejudice.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, Plaintiff shall have fourteen (14) days from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection; further, pursuant to Rule 6(d), any unrepresented party shall have an additional three (3) days after this fourteen-day period if service is made via U.S. Mail. Extension of this time period may be granted by the presiding District Judge for good cause shown. A copy of any objections shall be provided to Judge Johnston.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals. 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation, and to transmit a copy to Plaintiff at his address of record.

ENTERED: February 12, 2026

Dwane L. Tinsley
United States Magistrate Judge